UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian corporation, and OAKLEY, INC., A Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ASIF ANSARI d/b/a CITY OF SOUVENIRS,<br><br>Defendant. | Civil Action No. 1:24-cv-8780<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. (collectively, "Plaintiffs"), through their undersigned counsel, sue Defendant Asif Ansari, and allege:

**INTRODUCTION**

1. This lawsuit arises from the violation of the Plaintiffs' intellectual property rights by Defendant's ongoing promotion and sale of sunglasses bearing counterfeits of Plaintiffs' federally registered Ray-Ban and Oakley trademarks (the "Counterfeit Merchandise"). Through this action, Plaintiffs seek to address Defendant's counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a trademark claim arising under 15 U.S.C. §§ 1114 (the "Lanham Act").

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant maintains a principal place of business and continues to infringe Plaintiffs' famous trademarks in this Judicial District.

## PARTIES

4. Plaintiff, Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with a principal place of business in Milan, Italy.

5. Plaintiff, Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California. Oakley is an indirect, wholly owned subsidiary of Luxottica Group S.p.A.

6. Defendant, Asif Ansari ("Ansari") is an individual residing in New Jersey and currently doing business in Atlantic City, New Jersey. Ansari uses the fictitious name "City of Souvenirs" as an alias in the operation of a retail business located at 1529 Boardwalk, Atlantic City, New Jersey 08401.

## FACTUAL ALLEGATIONS

**A.  The World-Famous Luxottica Brands and Products.**

7. Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

8. Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM

and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

9. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including New Jersey.

10. Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

11. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks (defined below). As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

12. Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"), which are at issue in this lawsuit:

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 650,499 | Ray-Ban | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | Ray-Ban | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |

3

| 1,726,955 | Ray-Ban | For: cloths for cleaning ophthalmic products in class 21. |
|---|---|---|
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 3,522,603 | Ray-Ban | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |
| 1,511,615 | LUXOTTICA ☆☆ | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |
| 2,971,023 | RB | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |

13. Luxottica Group has long been manufacturing and selling eyewear in interstate commerce under the Ray-Ban Trademarks.[1] These registrations are valid and incontestable.

14. The registration of the Ray-Ban Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendant of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

16. The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

17. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.   The World-Famous Oakley Brand and Products.**

18. Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

19. Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including New Jersey.

20. Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to those detailed in this Complaint.

21. Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks (defined below).  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley and have acquired strong secondary meaning.

22. Oakley is the owner of various trademarks under the Oakley brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Oakley Trademarks"), among others, which are at issue in this lawsuit:

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 1,984,501 | (Oakley ellipse logo) | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |
| 1,980,039 | OAKLEY (wordmark) | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |
| 3,331,124 | (Oakley ellipse design) | For: protective eyewear, namely spectacles, prescription eyewear, anti-glare glasses and sunglasses and their parts and accessories in class 9. |
| 3,151,994 | (Oakley rounded rectangle design) | For: protective eyewear, namely spectacles, prescription eyewear, anti-glare glasses and sunglasses and their parts and accessories in class 9. |

23. Oakley has long been manufacturing and selling eyewear in interstate commerce under the Oakley Trademarks. These registrations are valid and incontestable.

24. The registration of the Oakley Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

25. The registration of the Oakley Trademarks also provides constructive notice to Defendant of Oakley's ownership and exclusive rights in the Oakley Trademarks.

26. The Oakley Trademarks qualify as famous trademarks, as that term is used in 15 U.S.C. § 1125(c)(1).

27. The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

C. **Defendant's Infringing Activities.**

28. On July 8, 2024, Plaintiffs' investigator visited Defendant's retail store located at 1529 Boardwalk, Atlantic City, New Jersey 08401. During that visit, the investigator discovered that Defendant was advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban Mark and Oakley Trademarks. A photograph of Defendant's retail store is depicted below:



29. Plaintiffs' investigator purchased one pair of Ray-Ban branded sunglasses and one pair of Oakley branded sunglasses for $25.00 each. Photographs of the counterfeit sunglasses purchased on that day are depicted below:

7



30.     On July 11, 2024, Plaintiffs' investigator returned to Defendant's retail store located at 1529 Boardwalk, Atlantic City, New Jersey 08401.  During that visit, the investigator discovered that Defendant continued advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban Mark and Oakley Trademarks.

31. Plaintiffs' investigator purchased two pairs of Ray-Ban branded sunglasses, and two pairs of Oakley branded sunglasses for a total of $90.00. Photographs of the counterfeit sunglasses and purchase receipt are depicted below:









32. Luxottica Group, on behalf of itself and Oakley, Inc., subsequently inspected the items purchased from Defendant on July 8th and July 11th and determined that the Ray-Ban and Oakley Trademarks affixed to the sunglasses are either incorrect or inconsistent with the Ray-Ban and Oakley Trademarks found on similar products and items bearing authentic Ray-Ban and Oakley Trademarks.

33. Luxottica Group also determined that the item purchased from Defendant infringed one or more of the Ray-Ban and Oakley Trademarks and bore reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Ray-Ban and Oakley Trademarks.

34. Plaintiffs did not manufacture or authorize any third party to manufacture any of the Ray-Ban and Oakley branded products that were being offered for sale and sold by the Defendant as identified herein.

35. Defendant has no license, authority, or other permission from Plaintiffs to use the Ray-Ban or Oakley Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

36. The forgoing acts of the Defendant constitute direct trademark infringement and counterfeiting in violation of the Lanham Act.

37. The forgoing acts of the Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban and Oakley products offered for sale and sold by the Defendant are authentic or authorized products of Luxottica Group and Oakley.

38. The activities of the Defendant, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a

connection or association between the counterfeit Ray-Ban and Oakley products and Luxottica Group and Oakley.

39. Defendant is well aware of the extraordinary fame and strength of the Ray-Ban and Oakley brands, the Luxottica Group and Oakley Trademarks, and the incalculable goodwill associated therewith.

40. Defendants' knowing and deliberate hijacking of Plaintiffs' famous marks, and sale of Counterfeit Merchandise have caused, and continues to cause, substantial and irreparable harm to Plaintiffs' goodwill and reputation. In addition, the damage caused by Defendant is especially severe because the Counterfeit Merchandise was cheap and inferior in quality to products bearing authentic Ray-Ban and Oakley Trademarks.

41. The harm being caused to Luxottica Group and Oakely is irreparable and Plaintiffs do not have an adequate remedy at law. Plaintiffs therefore seek the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendant.

42. Plaintiffs also seek damages as a result of Defendant's knowing, deliberate and willful disregard of the activities infringing Plaintiffs' trademarks.

## COUNT I
### (15 U.S.C. § 1114)
### (Trademark Infringement)

43. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 42 above.

44. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of one or more of Plaintiffs' respective Ray-Ban and Oakley Trademarks.

45. Defendant has promoted, advertised, offered for sale and sold products bearing counterfeits of one or more of Plaintiff's respective Ray-Ban and Oakley Trademarks without Plaintiffs permission.

46. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendant are authentic or authorized products of Luxottica Group and Oakley.

47. Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and the Plaintiffs.

48. Defendant has directly and willfully infringed Plaintiffs' trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. respectfully request that this Court enter judgment in their favor and against Defendant Asif Ansari, as follows:

A. Finding that: Defendant has violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114);

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendant, his agents, employees, vendors and attorneys, and all those persons or entities in active concert or participation with Defendant from:

       1.     importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear Ray-Ban and Oakley Trademarks or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Plaintiffs' rights in their respective trademarks;

       2.     engaging in any other activity constituting unfair competition with Luxottica Group and Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica Group and Oakley;

C.    Requiring Defendant to file with this Court and serve on Luxottica Group and Oakley within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D.    Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, has been authorized by Luxottica Group and Oakley, or is related in any way with Luxottica Group and Oakley and/or their products;

E.    Awarding Plaintiffs statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c));

F.    Awarding Plaintiffs their costs, investigatory fees, and expenses;

G.    Awarding Plaintiffs pre-judgment interest on any monetary award made part of the judgment against Defendant; and

H.      Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated:  August 27, 2024

> s/ *Steven M. Lucks*
> Steven M. Lucks
> FISHKIN LUCKS LLP
> One Gateway Center, Suite 1150
> Newark, NJ 07102
> (973) 536-2800
> slucks@fishkinlucks.com
>
> -and-
>
> /s/ *David B. Rosemberg*
> David B. Rosemberg (Fla. Bar. 0582239)
> (*pro hac vice motion to be filed*)
> ROSEMBERG LAW
> 20200 W. Dixie Hwy., Suite 602
> Aventura, FL 33180
> (305) 602-2008
> david@rosemberglaw.com
>
> *Counsel for Plaintiffs Luxottica Group S.p.A. and Oakley, Inc.*